# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN CORCORAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF CHICAGO, ) <br> ) <br> Defendant. ) | No. 10-cv-06825 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION

Plaintiff Brian Corcoran, a police officer employed by Defendant City of Chicago ("the City"), claims that he was subjected to retaliatory harassment at his workplace after he reported hearing one of his superior officers use a racial slur in reference to a fellow officer. He brought this action seeking damages for the retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* After a two-week trial, a jury returned a verdict in his favor and awarded him $134,000 in compensatory damages. Corcoran now seeks to recover attorney's fees of $446,399 and costs of $12,885.85. In response, the City asks this Court to disallow certain of Corcoran's claimed fees and costs as excessive. For the reasons detailed below, the Court grants Corcoran's motion but limits his award to $412,311 in fees and $9,069.80 in costs.

## DISCUSSION

The prevailing party in a civil action is entitled to an award of costs unless a statute, rule, or order of court provides otherwise. Fed. R. Civ. P. 54(d)(1). Permissible costs are defined by statute. *See* 28 U.S.C. § 1920. Under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, a prevailing plaintiff in a Title VII action is also entitled to recover reasonable attorney's

fees and other out-of-pocket expenses in addition to those taxed as costs under Federal Rule of Civil Procedure 54 and § 1920. *Henry v. Webermeier,* 738 F.2d 188, 191-92 (7th Cir. 1984).

## I. 42 U.S.C. § 1988 Fee Claim

The determination of an appropriate fee award under § 1988 should be based upon the calculation of a "lodestar" amount—*i.e.*, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate for the professional services rendered. *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998). This determination is a matter for the Court's discretion. *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1108 (7th Cir. 1990). That a fee award substantially exceeds the amount of the judgment does not in itself indicate an abuse of discretion. *See, e.g., Robinson v. City of Harvey,* 489 F.3d 864, 872 (7th Cir.2007) (affirming $507,000 fee award on $275,000 verdict); *Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.,* 223 F.3d 585, 592 (7th Cir.2000) (affirming $391,000 fee award on $137,000 verdict).

### A. Propriety of Counsel's Claimed Hours

If the plaintiff's suit achieves "excellent" results, his attorney is entitled to receive a fully compensatory fee under § 1988. *Graham*, 915 F.2d at 1109. If the plaintiff has obtained only partial success, however, the district court should eliminate from the lodestar calculation hours that were not reasonably related to his successful claims. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987). In disputing Corcoran's fee request, the City first contends that his fees must be reduced because he achieved only partial success. Corcoran's complaint included two claims: the Title VII claim he pursued to trial and an Illinois common law claim for intentional infliction of emotional distress. The City's motion to dismiss the latter claim for failure to state a claim for relief was granted. (May 25, 2011 Mem. Op. and Order, Dkt. No. 26.) The City argues that Corcoran should not be compensated for attorney time devoted to drafting that count of his complaint and defending the motion to dismiss.

The hours spent pursuing an unsuccessful claim should be excluded from a fee award only if the claim is distinct in all respects from the successful claims." *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983). If a plaintiff brings multiple claims that are merely different legal theories in support of the same relief, his success on one of the claims entitles him to compensation for the time spent on related claims, even if some of those claims fail. *Richardson v. City of Chicago, Ill.*, 740 F.3d 1099, 1103 (7th Cir. 2014).

In this case, Corcoran's claim for intentional infliction of emotional distress was dismissed because it was ***not*** distinct from his civil rights claim. The claim was characterized in the ruling on the motion to dismiss as unsupported by any allegations independent of his retaliation claims, "inextricably linked to his alleged civil rights violation," and therefore preempted by the Illinois Human Rights Act. (Mem. Op. and Order at 8-9, Dkt. No. 26.) It is thus apparent that the dismissed state law claim merely stated an alternative legal basis for the Title VII claim on which Corcoran prevailed, and therefore it was not sufficiently distinct from his successful claim to preclude compensation for time spent pursuing it.

The City next contends that Corcoran's attorneys' compensable hours should be reduced because of an unsuccessful discovery motion. The motion at issue sought to compel the production of a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify regarding the existence of any City-wide policy establishing activity quotas for its police officers. (Dkt. No. 32.) The motion was denied, and the City argues that time spent on it should be excluded from Corcoran's recoverable fees.

But "a court does not go through a prevailing party's time and expenses line-by-line to see whether each hour of time and each dollar of expense represented a successful effort in and of itself." *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1049 (N.D. Ill. 2013). Instead, the

appropriate inquiry is whether the action was reasonably undertaken or the expense reasonably incurred in connection with the claims on which the plaintiff prevailed. *Id.* (citing *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205,* 90 F.3d 1307, 1313 (7th Cir.1996)). Corcoran's Rule 30(b)(6) motion was denied, but his attorneys' efforts to explore the existence of a City-wide officer activity policy were productive—the City was served with requests to admit that there was no such policy and, at trial, the jury was instructed that the parties had stipulated to that fact. Corcoran's pursuit of the issue was not unreasonable and his attorneys' fees for the unsuccessful motion cannot be denied merely because the motion was not granted.

Corcoran's attorneys also spent 3.5 hours researching a potential sur-reply to the City's summary judgment motion. Since no such motion was filed, the City asserts that those hours must be deducted from the fee award as well. However, as the Seventh Circuit has observed, "[t]hat the lawyers spent some time in blind alleys is irrelevant; this is inevitable, and the hourly rate reflects the fact that not all time is equally productive." *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988). Brief research on a potential argument that the attorneys decided not to pursue on an issue where they ultimately prevailed need not be excluded.

In calculating the number of hours reasonably expended by counsel in litigation, a district court should disallow those hours expended on tasks that are "easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). The City contends that a number of billing entries by Corcoran's attorneys fit this description. For example, entries on May 12, May 27, June 3, June 10, June 13, June 23, August 12, August 23, and September 1, 2011 and for February 6, 2014 are for attorney-billed time but the descriptions of the activities on those dates suggest that the time was devoted to sending notices about deposition scheduling. (Def.'s Resp. to Pl.'s Fee Pet., Ex. M, Dkt. No. 217-14.)

Entries on January 21 and 22, 2014 describe the preparation of trial binders but do not provide any indication that the preparation was an exercise of professional judgment rather than mere document compilation. (*Id.*) The Court finds that these activities are properly excluded from Corcoran's reimbursement for professional services and thus disallows seven hours of attorney-billed time for these entries.

The City identifies two hours of billing for motion drafting and filing as excessive—that time was apparently spent revising a motion *in limine* for refiling after a predecessor motion was stricken for failure to conform to the format required by the district judge then presiding over this action. (*Id.*) The Court agrees that this time is not properly compensable and reduces the billed amount by an additional two hours.

Thirty-eight hours of submitted billing (21 for attorney Jonathan Ksaizek and 17 for attorney Edward Fox) are described as estimates for anticipated future work. Corcoran does not identify a legal basis for seeking fees for work not yet performed; thus these requested fees are also disallowed.

One of Corcoran's attorneys, Ksiazek, submitted bills with descriptions that tracked the overwhelming majority of his activities in time increments of no less than 30 minutes. For example, a time sheet for the period July 9, 2010 to February 23, 2011 contains 29 separately dated billing entries. One of the 29 describes an activity in quarter-hour increments while the other 28 all tracked activities in full or half-hour periods. (App. to Pl.'s Mot. for Att'y Fees, Ex. D at 116, Dkt. No. 210-1.) Similarly, the time sheet for the period August 4, 2011 to September 22, 2011 contains 30 entries. Three of these describe activities in quarter-hour increments while 27 use full or half-hour periods.

The Seventh Circuit has not dictated a minimum billing increment required for approval of fee requests; it has instead held that the degree of itemization and detail required is a question for the market. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001); *but compare Blackman v. D.C.*, 59 F. Supp. 2d 37, 44 n.5 (D.D.C. 1999) ("In the future, the Court will not award fees where plaintiffs' counsel has not calculated his time in tenth-hour increments."). But large billing increments may raise an inference that the claimed hours spent are overstated. *Chicago Messenger Serv., Inc. v. Nextel Commc'ns, Inc.*, No. 01 C 8820, 2005 WL 78960, at *5 (N.D. Ill. Jan. 12, 2005).

The City observes that for a particular June 17, 2011 telephone conversation between one of its attorneys and Ksiazek, the City's attorney billed .20 of an hour, or 12 minutes, while Ksiazek billed a full 30 minutes. It contends that the apparent inaccuracy justifies a reduction of Ksiazek's overall billing by 40%. But while the discrepancy between the attorneys' billed time for the same conversation represents a substantial percentage of the call's claimed duration, any similar inaccuracy caused by the difference between half-hour and tenth-hour minimum billing increments would necessarily be a much smaller percentage of the longer activities that comprise most of the entries on the invoices submitted by Corcoran's attorneys. The overall comparison of the hours billed by attorneys for the parties does not indicate any systematic or widespread overbilling by Corcoran's representatives; indeed, the City's attorneys billed more hours for this proceeding. (Pl.'s Mot. for Att'y Fees at 8, Dkt. No. 205.) For these reasons, and because the City cites only a single example of an apparent inaccuracy caused by Ksiazek's timekeeping practices, the Court concludes that only a marginal percentage reduction of his compensable hours is warranted, and reduces those hours by 4%. Moreover, although the City also challenges the billing increments used by Ksiazek's senior colleague, Fox, the latter's invoices show that he

did not consistently bill in half-hour units and the City offers no examples of timekeeping inaccuracies such as they highlighted in Ksiazek's bill. The City's request for a percentage reduction in Fox's compensated time because of his billing increments is therefore denied.

The Seventh Circuit's above-cited directive that the market should determine the required level of billing detail for fee-shifting statutes is also dispositive of the City's claim that both of Corcoran's attorneys described their work in insufficient detail. Generalized task descriptions and block billing are not prohibited practices, *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006), and the use of those practices for the invoices of the City's own attorneys indicates that they are practices that the market will bear. (Pl.'s Mot. Reply Ex. B, Dkt. No. 218-2.) The Court declines to further reduce Corcoran's compensable fees because of a lack of detail in his counsel's invoices.

The City further argues that certain billings representing work by law clerks should be disallowed in their entirety because the work involved summarizing depositions of witnesses in a related lawsuit filed by Corcoran's colleague, Alvin Campbell. While the City concedes that many witnesses were material to both this matter and the litigation filed by Campbell, it takes the position that Corcoran cannot be compensated for time summarizing their testimony because such compensation raises the possibility of Corcoran's attorneys receiving duplicate recovery—*i.e.*, payments for a single set of work in both this action and Campbell's case. But the City does not argue that any such work has already been compensated and offers no authority for the premise that the mere possibility of a second recovery provides a basis to disallow an initial claim for compensation.

The City also characterizes the time billed by law clerks as duplicative and excessive. In support of this assertion, the City notes that 18 hours of law clerk time was spent summarizing

7

Corcoran's deposition while six hours was devoted to summarizing the deposition of another witness, Cynthia Schumann. The City apparently concludes that the excessiveness of the time spent on Corcoran's deposition is self-evident: other than its reference to the number of hours, it offers no basis for criticism of the billing. As to the Schumann summary, the City observes that it took five hours longer than the time spent to summarize another transcript of similar length.

These objections do not account for variations in Corcoran's attorneys' assessments of the significance and complexity of the testimony of different witnesses, however. The Court cannot conclude that time devoted to summarizing the testimony of a potential witness is duplicative, excessive, or otherwise unreasonable merely because of the amount of time spent or because of the comparison of that amount to the time spent on other witnesses. The City's objections to the law clerk billings are accordingly overruled.

In summary, the Court concludes that the compensable time for the services of attorney Ksiazek must be reduced from the requested 797.50 hours to 736.8 hours, and that compensable time for the services of attorney Fox must be reduced from the requested 377.40 hours to 360.40 hours. The Court declines to reduce Corcoran's request for compensation for the services of the law clerks utilized by his attorneys.

### B. Hourly Compensation Rate

A prevailing plaintiff seeking a fee award under § 1988 is entitled to compensation for services at a reasonable hourly rate, which is defined as one derived from the market rate for the services rendered. *Denius v. Dunlap,* 330 F.3d 919, 930 (7th Cir. 2003). An attorney's actual billing rate for similar litigation is appropriate to use as the market rate. *Id.* The fee applicant bears the burden of producing satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are in line with those prevailing in the community. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011).

For the services of attorney Ksiazek, Corcoran seeks compensation at the rate of $300 per hour. Ksiazek supports this rate request with a declaration that includes the representation that, in 2012, a fee award in this District valued his services for work in 2011 and 2012 at $275 per hour. (Ksiazek Decl. ¶ 12, Dkt. No. 210-1 at 66.) Ksiazek also provides declarations of attorneys with similar experience whose standard client billing rates are $300 and $350 per hour. (App. to Pl.'s Mot. for Att'y Fees, Exs. I, J, Dkt. No. 210-2 at 26, 29.) The Court is persuaded that an attorney of Ksiazek's experience is properly billed at $300 per hour.

For the services of attorney Fox, Corcoran seeks compensation at a rate of $510 per hour. In support of this rate, Fox references the declaration of Paul Strauss, an attorney of roughly comparable experience who represents that he regularly bills hourly clients at $550 per hour and that such a rate has been accepted by opposing counsel and co-counsel in negotiated settlement agreements. (Strauss Decl. ¶¶ 17-18, Dkt. No. 210-2 at 16.) Yet Fox's own declaration states that he bills clients "at $400 and above per hour (depending on the type of case) in cases which I bill hourly rates" (Fox Decl. ¶ 9, Dkt. No. 210-1 at 55.) He notes that the $510 rate he seeks here has been allowed in another action in this District. But that award was granted in connection with a default judgment and there is no evidence in the record that the rate was contested, negotiated, or analyzed in any manner that would confirm its validity as a true measure of his market rate. (Dkt. No. 210-1 at 48-51.)

A $450 hourly rate has recently been characterized in this District as "the upper end of the spectrum" for fee awards in cases under 42 U.S.C. § 1983, which also provides for attorney's fees awards for prevailing plaintiffs under 42 U.S.C. § 1988. *Degorski v. Wilson*, No. 04-CV-3367, 2014 WL 6704561, at *7 (N.D. Ill. Nov. 26, 2014). Also in this District, the market rate for civil rights litigators with between 14 and 34 years of experience, a category that includes

9

Fox, has been found to be between $335 and $475 per hour. *Smith v. Altman*, No. 12 C 4546, 2015 WL 4381332, at *3 (N.D. Ill. July 15, 2015). The Court concludes that the requested rate of $510 is somewhat above that for attorneys comparable to Fox and accordingly will reduce the award rate for his services to $490 per hour.

**II.     Costs**

A prevailing civil rights plaintiff entitled to attorney's fees under 42 U.S.C § 1988 may also recover reasonable out-of-pocket expenses in addition to those that would be awarded to a prevailing party in a civil action under Rule 54(d). *Heiar v. Crawford Cnty.,* 746 F.2d 1190, 1203 (7th Cir. 1984). Such expenses include items such as postage, long-distance calls, travel, expert witness costs, and costs for computerized legal research. *Id.* The expenses must be reasonable to be recoverable, however, and the Seventh Circuit has suggested that where Rule 54(d) and related local rules establish upper limit prices or fees for items taxable as costs, higher rates cannot be justified as reasonable out-of-pocket expenses under § 1988. *Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir.) *cert. denied sub nom. Montanez v. Chicago Police Officers FICO*, 135 S. Ct. 459 (2014).

As with its earlier contention that Corcoran should not be compensated for law clerk time expended on depositions taken in the Campbell litigation, the City asserts here that Corcoran should not recover the costs of the depositions themselves. But the witnesses were clearly intended to be witnesses at Corcoran's trial. Their depositions were thus reasonably necessary for Corcoran's case and related expenses will not be entirely excluded.

Nevertheless, as *Montanez* indicates, Local Rule 54.1 limits reimbursement for deposition transcript costs to the rate set by the United States Judicial Conference and § 1988 does not permit a higher rate. 755 F.3d at 558. For copies, the rate is .90 per page. The Court

accordingly reduces Corcoran's award from various higher requested rates to the .90 rate for the deposition transcripts of Timothy Bialek, Kelly Braithwaite, Paul Mack, Robert Luckett, Alvin Greenup, Joyce Dinwiddie, Alvin Campbell, Kenneth Angarone, Steve Georgas, Cynthia Schumann, Brian Byrne, and Jose Mendez. Similarly, the Court reduces the costs awarded for the original transcript of Randall Zawis's deposition to the Judicial Conference rate of $3.65 per page.

The City also asks that Corcoran be denied reimbursement for court reporters' appearance fees to the extent those fees pushed the per page cost of a transcript over the Judicial Conference rate. The Seventh Circuit previously has observed that this District's local rules were unclear as to whether reimbursement for court reporter costs should be limited in the manner the City proposes and that courts were divided. *See Harney v. City of Chicago,* 702 F.3d 916, 927-28 (7th Cir. 2012). As a result, this District amended Local Rule 54.1(b), effective May 24, 2013, to establish a clear limit on court reporter appearance fees. Since the existence of any such limit was in dispute prior to May 24, 2013 and the appearance fees for which Corcoran seeks reimbursement relate to depositions taken before that date, the Court concludes that the *Montanez* presumption against costs exceeding the limits set by the local rule does not apply. No reduction will be imposed for depositions that Corcoran did not arrange, however, such as those of Victoria Hoger, Kristine Galli, and Corcoran himself. Where the losing party arranges a deposition and therefore selects the rates charged by the court reporter, it is reasonable to award the prevailing party the full costs charged by the reporter for the deposition transcript. *Gyrion v. City of Chicago*, 454 F. Supp. 2d 725, 726 (N.D. Ill. 2006).

The City further contends that Corcoran should not be reimbursed for travel and postage costs. Because such costs, while not taxable under Rule 54, are considered recoverable under

11

§ 1988, the Court declines to reduce Corcoran's cost award by these amounts. *See Downes v. Volkswagen of Am., Inc.,* 41 F.3d 1132, 1144 (7th Cir, 1994). Witness fees are also properly reimbursed under § 1988, and the Court finds that the $600 fee charged by Kristine Galli for her deposition may be recovered by Corcoran. The City asserts that the fee was paid by Corcoran's wife, Victoria Hogar, and not by him or his counsel. But any such payment remains an out-of-pocket litigation expense incurred by Corcoran, albeit jointly with his wife. It is therefore reimbursable.

The City further objects to Corcoran's attempt to recover fees for both the video recording and a transcript of Randall Zawis's deposition. A prevailing party can recover costs for both a video recording and a transcript of the same deposition, provided that the party can show both are necessary and reasonable in the context of the case. *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010). In this case, Zawis, a potentially hostile witness no longer employed by the City, was arguably the most crucial witness who testified in support of the City's defense. He was alleged to be the individual who directly imposed and maintained the retaliatory work conditions that were the basis for Corcoran's suit. In view of his significance, the Court finds that both video recording his deposition testimony and transcribing it were reasonable to ensure not only that his testimony was preserved in the event of his unavailability for trial, but also that the jury could view his deposition demeanor in the event that his testimony was needed to impeach him at trial. The City's objections to the video and transcript costs are accordingly denied.

The City asserts that charges for exhibits used at various depositions should be rejected in their entirety, as the documents used as exhibits were already in Corcoran's possession and that court reporter charges for additional copies were an unnecessary expense. The Court finds

12

insufficient specificity in the record to allow an assessment of the accuracy of this objection; thus it is also denied.

Finally, Corcoran seeks reimbursement for $1,979.50 in photocopying costs at .50 per page. Although such expenses are components of the expense recovery contemplated by § 1988, *see Downes,* 41 F.3d at 1144, the per page rate is far higher than that generally approved in this District and Corcoran has not explained the necessity for the copies or the rate. Courts in this District have found a substantial reduction in the reimbursement amount to be an appropriate means of addressing such failings. *Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 WL 695650, at *6 (N.D. Ill. Mar. 13, 2006). Corcoran's reimbursement for copying costs is therefore reduced by half to $989.75.

## CONCLUSION

For the reasons detailed above, the Court grants Corcoran's request for fees and costs (Dkt. No. 205) and awards him $412,311 in attorney's fees and $9,069 in costs. Corcoran's motion for instruction (Dkt. No. 206) is denied as moot.

ENTERED:

Dated: September 15, 2015

_____
Andrea R. Wood
United States District Judge